IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PU-BI HOLLOWAY                                                                                          PLAINTIFF

V.                                   NO.    4:08CV001975

THE STATE OF ARKANSAS and
THE ARKANSAS STATE HOSPITAL                                                              DEFENDANTS

**ORDER**

Plaintiff has filed the following documents *pro se*: (1) Application to proceed *in forma pauperis* and (2) Complaint.

After reviewing Plaintiff's *pro se* Complaint, the Court finds that the Complaint should be, and hereby is, dismissed *sua sponte* for lack of jurisdiction. Plaintiff's Complaint states in part as follows:

> Plaintiff alleges that this Court has subject matter jurisdiction of this action and that jurisdiction is proper in this Court as the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and there is diversity of citizenship among the Plaintiff and Defendants.

Plaintiff is a resident of Little Rock, Arkansas. She claims that the State of Arkansas had her committed to the Arkansas State Hospital based on false statements and while committed she was forced to take certain medications which injured her. Plaintiff seeks monetary damages.

Because Plaintiff is a resident of the State of Arkansas and she is suing the State and the Arkansas State Hospital the Court does not have diversity jurisdiction over the cause of action. Further, the state and its agencies enjoy sovereign immunity. Even if the Court were to ignore Plaintiff's statement asserting jurisdiction based upon diversity and find that Plaintiff intends to bring a federal cause of action pursuant to 42 U.S.C. §1983, Plaintiff's Complaint fails. The Eleventh Amendment bars a §1983 suit against the State and the Arkansas State Hospital is not a

person for purposes of §1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Plaintiff's complaint is hereby dismissed for lack of subject matter jurisdiction.

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a case in which an application to proceed *in forma pauperis* is pending if the Court finds that "the action or appeal- (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, Plaintiff's case must be dismissed because it fails to state a claim on which relief may be granted. Plaintiff's application to proceed *in forma pauperis* (Docket #1) is denied. The Clerk is directed to close the case.

IT IS SO ORDERED this 12th day of September, 2008.

_____
James M. Moody
United States District Judge